UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA, <br><br> Plaintiff, <br><br> v. <br><br> ALAMEDA HEALTH SYSTEM, et al., <br><br> Defendants. | Case No. 16-cv-07414-LB <br><br> **ORDER DISMISSING COMPLAINT** <br> Re: ECF Nos. 16 and 19 |

The plaintiff filed a complaint against her former employer, the Alameda Health System, for retaliatory discharge and against the Department of Industrial Relations, which is the agency charged with investigating retaliation complaints that fall within its jurisdiction. (*See* Compl. – ECF No. 1.)[1] She also filed an application to proceed *in forma pauperis* — which the undersigned granted. (ECF No. 4.) Both defendants moved to dismiss for lack of federal subject-matter jurisdiction and for failure to state a claim. (Motions – ECF Nos. 16, 19.) Ms. Drevaleva does not state plausible federal claims, and the court thus dismisses her complaint for lack of federal subject-matter jurisdiction.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER — No. 16-cv-07414-LB

**GOVERNING LAW**

Original jurisdiction may be based on diversity or a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For diversity jurisdiction, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). There will be federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a case for lack of federal subject-matter jurisdiction. A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### 1. The court does not have federal subject-matter jurisdiction

As to Ms. Drevaleva's claims against her former employer Alameda Health, she mentions wage-and-hours violations and other labor complaints, her discharge for negligence (surrounding the care of a patient who died), and her complaints about both, but her claim for relief is based only on her allegedly retaliatory discharge in violation of California law. (Compl. at 2–7.) This also was the basis of her appeal to the Department of Industrial Relations. She does not state a federal claim against her employer.

Ms. Drevaleva's claims against the Department of Industrial Relations derive from its investigation of her allegedly wrongful discharge. It concluded that there was insufficient evidence of retaliation; she disagrees with that determination. (Compl. at 8.) She alleges no claims against it specifically; her conclusory allegations of an insufficient investigation do not establish a federal claim.

### 2. Ms. Drevaleva does not plausibly state a claim

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted). Ms. Drevaleva fails to allege "sufficient factual matter," which, "accepted as true, . . . state[s] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint must give fair notice" of the alleged wrong "and state the elements of the claim

plainly and succinctly." *Pickard v. WMC Mortgage Corp.*, 2009 WL 3416134, *3 (E.D. Cal. Oct. 21, 2009) (citing *Jones v. Cmty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984)).

Ms. Drevaleva does not state a plausible claim against the Department of Industrial Relations. Disagreeing with an agency's conclusion does not state a claim. Her allegations against the agency do not establish any failure to investigate. (And while the court does not consider them, the agency's submissions suggest just the opposite and a plausible context for the offer to withdraw her complaint to avoid a negative decision. (*See* Motion – ECF No. 16 at 10–11.)) Her claims are more plausibly alleged against her employer, but, as discussed in the previous section, those are state claims.

Also, the agency is immune from suit. The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); *see also Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act). Liability arises only upon a showing of personal participation by an individual defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Ms. Drevaleva similarly does not state a plausible federal claim for discharge against her former employer based on its alleged violations of the California Labor Code or for its conclusion that she was negligent. She did not plead any claims regarding wage-and-hours violations, including a claim under the federal Fair Labor Standards Act ("FLSA"). That claim in any event generally is subject to a two- or three-year statute of limitations. 29 U.S.C. § 255(a). Any FLSA was apparent by the date of her discharge in September 2013; she did not file her federal complaint until December 2016. And while her pursuit of claims through the agency process might toll her state claims (though the parties do not discuss this), they do not obviously toll any federal FLSA claim.

In sum, Ms. Drevaleva does not plausibly plead any federal claim. Nevertheless, given the legal standards, the court is reluctant to conclude now that amending the complaint would be futile. The court will accordingly dismiss the complaint with leave to amend.

* * *

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The plaintiff must file any amended complaint within 21 days from the date of this order. If she does not, then the dismissal will be without prejudice to filing a lawsuit in state court. The court observes that the claims are state claims and that state court appears to be the appropriate forum for Ms. Drevaleva's dispute. The court again refers Ms. Drevaleva to the resources available to persons who represent themselves. (*See* ECF No. 30, which is the Notice of Resources, the Handbook, and the flyer for the court's help desk.)

The court denies Ms. Drevaleva's motion to supplement her opposition as unnecessary. (*See* ECF No. 26.) The court considered the relevant Eleventh Amendment authorities, including Ms. Drevaleva's ability to assert claims against individual defendants. The court also denies as moot Ms. Drevaleva's request at ECF No. 33.

This disposes of ECF Nos. 16, 19, 26, and 33.

**IT IS SO ORDERED.**

Dated: March 21, 2017

_____
LAUREL BEELER
United States Magistrate Judge