UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM, et al.,<br><br>Defendants. | Case No. 16-cv-07414-LB<br><br>**ORDER ON<br>MOTION TO DISMISS**<br><br>[Re: ECF No. 41] |

## INTRODUCTION

**1.**

This is an employment dispute. Plaintiff Tatyana Drevaleva is an electrocardiogram technician who was fired from her position with defendant Alameda Health Systems (AHS) for alleged negligence. She sues AHS mainly for retaliatory discharge; she claims that AHS fired her after she asked about overtime pay, work breaks, and whether she would be transferred to the status of a full-time employee.[1] Her initial complaint also sued the California Department of Industrial Relations – Division of Labor Standards Enforcement ("DIR" or the "Department"), based on that agency's investigation of her termination. The Department found insufficient evidence that AHS

---

[1] *See generally* Am. Compl. – ECF No. 40. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER — No. 16-cv-07414-LB

had fired Ms. Drevaleva wrongfully.[2]

**2.**

In March 2017, this court dismissed the plaintiff's initial complaint under Rules 12(b)(1) and (6).[3] The court held that there was no federal subject-matter jurisdiction and that the plaintiff had failed to state a viable claim against the defendants. It also held that the Department was immune from suit under the Eleventh Amendment to the U.S. Constitution.[4] The court gave the plaintiff leave to amend her complaint. She has since done so.[5]

**3.**

The new complaint makes only the following significant changes. First, the plaintiff alleges that she has moved from California to New Mexico. Second, she appears not to name the DIR itself.[6] Third, she has added five employees of DIR as new, individual defendants. (This, presumably in response to the court's observation that the Department could be liable despite Eleventh Amendment immunity "only upon a showing of personal participation by an individual defendant."[7]) These new defendants have not been served.[8] Fourth, and last, the plaintiff "possibly" raises an employment discrimination claim under Title VII of the Civil Rights Act of 1964.[9] Elsewhere, though, she suggests that national-origin discrimination was not her driving

---

[2] The Department treats the DIR and the DLSE as distinct entities. *See* ECF No. 52 at 2 (¶ 1). That is undoubtedly correct. For present purposes, though, it is unimportant to distinguish between them. This order thus speaks of the two as the unitary "Department" or "DIR" and intends its reasoning and conclusions to apply equally to both.

[3] Order – ECF No. 36 at 3–5.

[4] *Id.* at 4.

[5] Am. Compl. – ECF No. 40. References to the "complaint" are to the operative amended complaint unless otherwise noted.

[6] *See id.* at 1–2.

[7] *See* Order – ECF No. 36 at 4 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

[8] The court has authorized service on the individual defendants; the U.S. Marshals Service is in the process of executing service. *See* ECF Nos. 48, 55. The court returns to this point later in the order.

[9] Am. Compl. – ECF No. 40 at 2.

grievance against AHS; and she agrees that she cannot state a *prima facie* Title VII discrimination claim.[10]

**4.**

The new complaint is otherwise essentially identical to the initial complaint. With the clarification and, to some degree, the enlargements provided by her opposition brief, the plaintiff seems to bring claims under the following laws and theories:

- Title VII discrimination
- Fair Labor Standards Act
- Occupational Safety & Health Act
- Labor–Management Relations Act
- National Labor Relations Act
- Federal due process
- California Labor Code
- California Industrial Welfare Commission Wage Order 2001-4
- Meyers-Milias–Brown Act (Cal. Gov't Code §§ 3500–11)
- Libel
- Fraud[11]

She also appears to seek punitive damages.[12]

**5.**

Defendant AHS now moves to dismiss the amended complaint under Rules 12(b)(1) and (6).[13] Defendant DIR has not so moved; but, in a case-management statement, it suggests that the new complaint does not name the Department itself as a defendant, and asks that it be "dismissed from

---

[10] Opp. – ECF No. 47 at 26.

[11] For all these, see ECF No. 47 at 28–30.

[12] *Id.* at 34–35.

[13] ECF No. 41.

this case."[14]

### 6.

The court grants AHS's motion. The plaintiff states no viable federal claim against AHS. This court therefore lacks subject-matter jurisdiction over the claims asserted against this defendant.

Turning to the DIR defendants: The new complaint indeed seems not to name the Department itself as a defendant. Both the complaint's caption and its narrative description of the litigants names the individual "officials" of the DIR, but not the Department itself.[15] Furthermore, the plaintiff has not shown that DIR itself can be liable in the face of Eleventh Amendment immunity. Even if the Department itself is a target of the amended complaint, then, any claims against it remain dismissed under the court's previous order.

The plaintiff's recent move to New Mexico means that she apparently has diversity jurisdiction over the individual DIR-employee defendants. *See infra*, Analysis, Part 2. As noted above (*supra*, note 8), the court has ordered service on the individual defendants, but the U.S. Marshals Service has not yet effected that service. Normally in such cases, the *pro se* plaintiff provides the marshals with service addresses for the defendants. The plaintiff here seems to have provided the address of the DLSE's Oakland office.[16] The court is not certain that this qualifies as an adequate service address. The court will, in any case, follow up with the Marshals Service on the status of serving the new defendants. The court is not prepared to address whether the plaintiff alleges a viable claim against the new defendants without their responsive input. With respect to the individual DIR–DLSE defendants, the court asks the Department for the clarification described at the end of this order.

---

[14] ECF No. 52 at 2 (¶ 1).

[15] *Compare* Compl. – ECF No. 1 at 1 *with* Am. Compl. – ECF No. 40 at 1–2.

[16] *See* ECF No. 55.

ORDER — No. 16-cv-07414-LB            4

# ANALYSIS

## 1. Federal-Question Jurisdiction

### 1.1 General Observations

The plaintiff has not shown that this court can exercise federal-question jurisdiction (under 28 U.S.C. § 1331) over the claims that she brings against AHS.

The plaintiff's opposition brief cites a host of federal statutes. But these mostly are inapplicable on their face. The plaintiff cites laws dealing with jurisdiction over voting-rights cases (28 U.S.C. § 1343(a)(4)), or describing a general *limitation* on the federal courts' jurisdiction to enter injunctions in labor disputes (29 U.S.C. § 101), and so on. Suffice it to say that the vast majority of these laws simply do not apply here. Moreover, the plaintiff has not shown how her allegations trigger any of the cited statutes. The cited laws thus provide no basis for federal-question jurisdiction in this case.

Even allowing for the latitude that is granted *pro se* litigants, a plaintiff cannot simply list a welter of federal statutes (*see* ECF No. 47 at 5) and then flatly claim that these "are applicable" to establish federal-question jurisdiction.

The plaintiff's complaint is 37 pages long — and is attached to *315* pages of exhibits. It is not the court's job to search this large filing to find the viable claim or claims that may trigger federal-question jurisdiction. It is the plaintiff's burden to usefully show the court how allegations in her complaint trigger jurisdiction under any given statute. She generally has not done that. The court limits its discussion here to those parts of the plaintiff's complaint and brief that are minimally tractable: which is to say, to those allegations, laws, and arguments that suggest possible federal-question jurisdiction.

### 1.2 Title VII – Employment Discrimination

This appears to be the only new federal statute that the plaintiff cites. It is unclear, though, whether she even means to assert such a claim. Her complaint says that she "possibly" brings a

1  Title VII claim.[17] Her opposition brief likewise calls this a "possibl[e]" claim.[18] In the same
2  equivocal vein, the plaintiff says that her grievance with AHS was not "primar[il]y" about
3  national-origin discrimination.[19] Assume that the plaintiff did mean to advance a Title VII claim.
4  Having been pointed to the basic requisites of such a claim, the plaintiff now concedes that she
5  cannot state a *prima facie* claim under the governing test of *McDonnell–Douglas Corp. v. Green*,
6  411 U.S. 792 (1973).[20] This "possible" claim thus does not secure federal-question jurisdiction.

### 1.3 Fair Labor Standards Act (FLSA)

The plaintiff fleetingly invokes the federal Fair Labor Standards Act (FLSA), specifically citing 29 U.S.C. §§ 207, 215–16. There are numerous fatal deficiencies in any claim that she might bring under the FLSA laws that she cites. For example, her factual allegations show that she has no viable FLSA overtime-compensation claim. The overtime statute that she cites applies when an employee works more than 40 hours in a week. 29 U.S.C. § 207(a)(1). Yet the plaintiff alleges that she worked 36-hour weeks.[21] Furthermore, under her own factual narrative, before being fired the plaintiff did not file a "complaint" or institute a "proceeding" that would trigger 29 U.S.C. § 215. Nor does the complaint suggest a viable claim under FLSA regulation 29 C.F.R. § 785.18.[22] That regulation notes that short breaks are "common in industry" and "must be counted as hours worked" without being "offset against other working time." 29 C.F.R. § 785.18. The regulation does not compel employers to provide such breaks. And the plaintiff herself alleges that an *employment agreement*, not a federal law, obligated AHS to provide such breaks. If Ms. Drevaleva has a federal claim for breach of an employment contract, then it must be one of two things. If her contract is an individual one, between her and AHS, then her claim would be under

---

[17] Am. Compl. – ECF No. 40 at 2.
[18] ECF No. 47 at 28.
[19] *Id.* at 26.
[20] *Id.*
[21] Am. Compl. – ECF No. 40 at 5.
[22] *See id.* at 7.

state law for breach of contract. If she claims that AHS was in breach of a collective-bargaining agreement, then her claim might be under § 301(a) of the Labor–Management Relations Act (LMRA) — except that, as discussed below, the LMRA does not apply to public entities such as AHS. In any case, she has no obvious claim under 29 C.F.R. 785.18. Finally, holding other problems aside, the FLSA claims that might be relevant here are generally subject to a two- or three-year time bar (29 U.S.C. § 255) that the plaintiff's December 2016 initial complaint failed to meet.[23]

### 1.4 The Labor–Management Relations Act (LMRA) and National Labor Relations Act (NLRA) Do Not Govern Public Employers

It is beyond serious dispute that AHS is a public agency. Its genesis statute declares it to be just that. *See* Cal. Health & Safety Code § 101850(a)(2(C).[24] Ms. Drevaleva charges AHS with denying her "affiliation to the Union" and thus violating 29 U.S.C. § 157 of the NLRA.[25] Neither the NLRA nor the LMRA applies to AHS. Governmental entities are excepted from the NLRA. *E.g., Saipan Hotel Corp. v. N.L.R.B.*, 114 F.3d 994, 997 (9th Cir. 1997) (citing 29 U.S.C. § 152(2)). "The LMRA," for its part, "is the comprehensive federal labor law, which, by its terms, is applicable only to labor relations in the private sector." *Santa Clara Valley Transp. Auth. v. Rea*, 140 Cal. App. 4th 1303, 1307 (2006). "[P]ublic entities are not 'employers' within the meaning of [this] federal law." *Santa Clara Valley Transp. Auth. v. Rea*, 140 Cal. App. 4th 1303, 1308 (2006) (citing 29 U.S.C.§ 152(2)). These statutes do not provide the plaintiff with federal-question jurisdiction.

### 1.5 Occupational Safety and Health Act (OSHA)

The plaintiff's discussion under the federal Occupational Safety and Health Act (OSHA) is without merit. *See* ECF No. 47 at 9–10. Nothing in the complaint alleges an OSHA violation. No

---

[23] *See* Order – ECF No. 36 at 4.

[24] Strictly speaking, the statute uses AHS's previous name: the Alameda County Medical Center.

[25] Am. Compl. – ECF No. 40 at 3.

ORDER — No. 16-cv-07414-LB        7

factual allegation suggests that this is an occupational-safety case. And none of the specific laws that the plaintiff cites — 29 U.S.C. §§ 651, 654, 662; 29 C.F.R. § 1977.11 — gives this court federal-question jurisdiction through OSHA. For example, section 662 gives the federal district courts over injunctive petitions brought by the Secretary of Labor. Section 651 is a Congressional statement of findings and of public policy in the field of "safe and healthful working conditions." 29 U.S.C. § 651(b). It is not a grant of jurisdiction, does not create a private right of action, and does not address anything that is going on in the plaintiff's complaint. The regulation that the plaintiff repeatedly cites (29 C.F.R. § 1977.11) relates to retaliation for giving "testimony." Nothing in the complaint suggests that AHS retaliated against the plaintiff for giving testimony. Furthermore, any complaint under § 1977.11 must be made within 30 days of the violation — a time bar that the plaintiff's own allegations show that she cannot meet. There is no federal-question jurisdiction in this case through OSHA.

**1.6 Due Process — 14th Amendment**

The federal-question discussion now switches from AHS to the individual DIR defendants. The plaintiff claims that, in how they investigated her grievance against AHS, the DIR-employee defendants violated her right to due process under the Fourteenth Amendment to the U.S. Constitution.[26] This claim is lodged against the new individual defendants only "in their personal capacities.[27] The plaintiff does not raise a due-process claim against AHS or the DIR itself.[28]

In connection with this claim the plaintiff cites 28 U.S.C. §§ 1343 and 1357. Neither statute relates to anything going on in this case. If her due-process claim rests only on these statutes, there is no merit to it.

On the basis of the material before it, though, the court thinks that a response from the individual defendants is necessary before it addresses whether Ms. Drevaleva has a minimally

---

[26] *See* Am. Compl. – ECF No. 40 at 27.
[27] *Id.* at 27–29.
[28] *See id.*

viable due-process claim against any of the DIR–DLSE employees. As of this writing, again, although the court has ordered service of process, these defendants have not yet been served.

* * *

The court lacks subject-matter jurisdiction over the claims against AHS. The complaint against AHS is consequently dismissed without prejudice.

**2. Diversity Jurisdiction — Individual DIR–DLSE Employees**

Diversity jurisdiction presents a more nuanced issue. The court did not have diversity jurisdiction over the original defendants (AHS and DIR) and would not have it over those entities now. By contrast, the court apparently can exercise diversity jurisdiction over the newly added defendants.

In opposing the motion to dismiss, the plaintiff writes: "I was a resident of California since 2004 to April 2nd, 2017 . . . . When I filed my first complaint, I was not diverse from defendants AHS and DIR who both resided in California. When I moved to New Mexico on April 2nd, 2017, I became fully diverse from defendants AHS and officers of DIR."[29]

This statement correctly recognizes that the plaintiff was not diverse from the defendants when she filed her original complaint, so that there was no federal jurisdiction under 28 U.S.C. § 1332. In suggesting that her April 2017 move to New Mexico cured that jurisdictional defect, however, the plaintiff errs.

Diversity jurisdiction depends on the "state of things" when the initial complaint is filed. *E.g., Grupo Dataflux v. Atlas Global Group LP,* 541 U.S. 567, 574–75 (2004); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). That the plaintiff changed her residence before filing an amended complaint does not change this "time of filing" rule; diversity jurisdiction still depends on the facts that existed when the plaintiff filed her original complaint. *See, e.g., Grupo Dataflux,* 541 U.S. at 574–75.

---

[29] ECF No. 47 at 11 (emphasis removed).

The only relevant deviation from this rule concerns the newly added defendants. With respect to the individual DIR employees that the plaintiff has added in her amended complaint, diversity jurisdiction depends on the facts as they stood when the *amended* complaint was filed. *China Basin Props., Ltd. v. Allendale Mut. Ins. Co.*, 818 F. Supp. 1301, 1302 (N.D. Cal. 1992); *see Lewis v. Lewis,* 358 F.2d 495, 502 (9th Cir. 1966) (no jurisdiction over new defendants where plaintiff's pre-amendment change of residence destroyed complete diversity). With respect to the continuing defendant, AHS, then, there is not complete diversity. There is not complete diversity despite the plaintiff's move to New Mexico. *See Grupo Dataflux,* 541 U.S. at 574–75. With respect to the new defendants, however, there is complete diversity. The plaintiff's New Mexico residence at the time of the amendment here controls — and obviously makes her diverse from the California-based individual defendants.[30] A leading treatise, citing the Ninth Circuit's decision in *Lewis, supra*, explains the matter in terms that apply exactly here:

> [A]lthough a party's post-filing change of citizenship is irrelevant with respect to the diversity of the original parties, it is relevant with respect to new parties. For example, ***if a plaintiff changes citizenship and then amends the complaint to add a new defendant*** against whom no claims were made in the original complaint, diversity between the plaintiff and the new defendant will be based on the ***plaintiff's citizenship at the time of the amendment***.

15 D. Coquillette *et al., Moore's Federal Practice* § 102.16[2][b][ii] (2015 ed.) (citing *Lewis*, 358 F.2d at 502) (emphases added).[31]

The amount in controversy is alleged to be greater than $75,000. Thus, there is apparent diversity jurisdiction over any viable claim that the plaintiff brings against the new defendants. *See China Basin Properties*, 818 F. Supp. at 1302; *Lewis*, 358 F.2d at 502.

---

[30] For now, the court assumes that the individual defendants are California residents. Subject-matter jurisdiction can be tested at any stage in a lawsuit, of course, so if this assumption proves wrong, there will be opportunities to revisit the jurisdictional holding.

[31] Cases have mostly dealt with the roughly converse situation: Where the post-filing addition of a party destroys diversity jurisdiction. The implication for this discussion being that, in such cases, diversity (at least for claims against the new party) is tested at the time of amendment. *See, e.g., Owen Equip. Erection Co. v. Kroger*, 437 U.S. 365 (1978); *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP,* 362 F.3d 136, 140–41 (1st Cir. 2004).

### 3. State-Law Claims

The lack of subject-matter jurisdiction bars the court from making any finding or ruling on the state-law claims asserted against the dismissed defendant, AHS.

With respect to the DIR–DLSE itself, again, the plaintiff appears not to name it in her new complaint and thus to have dropped the Department from this lawsuit.

The plaintiff has established diversity (and possibly federal-question) jurisdiction for her claims against the newly added DIR-employee defendants. To the extent that her state-law claims are lodged against the individual DIR defendants, some further thoughts might guide future proceedings in this case.

The Department's status as a governmental entity has several important effects on the plaintiff's claims. First, a damages suit cannot be maintained against a public entity or its employees unless the complainant has first filed a timely written claim with the defendant and the latter has rejected this claim. *See generally* Cal. Gov't Code §§ 900.4, 905. The plaintiff does not allege that she presented her claims to the DIR before suing it or its employees.

Second, some of the laws that the plaintiff most centrally invokes — sections of the California Labor Code, and the Industrial Welfare Commission's Wage Order 2001-4 — do not apply to public entities. *See Cal. Correctional Peace Officers Ass'n v. State of Cal.*, 188 Cal. App. 4th 646 (2010) (I.W.C. wage orders); *Johnson v. Arvin–Edison Water Storage Dist.*, 174 Cal. App. 4th 729 (2009) (labor code); *Curcini c. County of Alameda*, 164 Cal. App. 4th 629 (2008) (same).

Finally, California law forbids awarding punitive damages against public entities. Cal. Gov't Code § 818.

\* \* \*

### CONCLUSION

This court does not have subject-matter jurisdiction of the claims against defendant AHS. The claims against AHS are therefore dismissed without prejudice. The plaintiff does not seem to name the DIR–DLSE itself in her new complaint. Under the court's previous order, then, there are no remaining claims in this lawsuit against the DIR itself. The court cannot now say whether the

plaintiff states viable due-process and state-law claims against the newly added, individual DIR-employee defendants. Those questions are better addressed after the new defendants have responded to the amended complaint — including making any argument on diversity jurisdiction. In these circumstances, the court asks the Department to do the following: Within 14 days of the date of this order, file a short status update explaining whether: (1) DIR's counsel will also be representing the individual defendants; and, if DIR's attorneys will represent the new defendants, (2) whether those defendants will consent to magistrate jurisdiction.

The court denies the plaintiff's "administrative motion to request missing documents." *See* (ECF No. 54.)

This disposes of ECF Nos. 41 and 54.

**IT IS SO ORDERED.**

Dated: June 7, 2017

LAUREL BEELER
United States Magistrate Judge