UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA, <br> Plaintiff, <br> v. <br> ALAMEDA HEALTH SYSTEM, et al., <br> Defendants. | Case No. 16-cv-07414-LB <br><br> **ORDER DISMISSING CLAIMS** <br> Re: ECF No. 63 |

## INTRODUCTION

This is an employment dispute. Plaintiff Tatyana Drevaleva is an electrocardiogram technician who was fired from her position with Alameda Health Systems (AHS). The four individual defendants — Bobit Santos, Catherine Daly, Joan Healy, and Eric Rood — move to dismiss the plaintiff's claims against them.[1] These defendants are employees of the California Department of Industrial Relations — Division of Labor Standards Enforcement ("DLSE"). They are the regulatory employees who, roughly speaking, investigated the plaintiff's administrative grievance concerning AHS and decided that she had not been fired wrongfully. They are sued here "in their

---

[1] ECF No. 63. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The claims against these defendants appear in the Amended Complaint (ECF No. 40).

personal capacit[ies]."[2] All these defendants have either been served with a summons and the complaint (Mr. Santos) or have waived service.[3] The plaintiff and these DLSE defendants have consented to magistrate jurisdiction.[4] The court can decide this motion without oral argument. *See* Civil L.R. 7-1(b). For the reasons given below, the court dismisses the plaintiff's claims against these defendants with prejudice.

## STATEMENT

The court has twice previously addressed the plaintiff's claims.[5] Twice the court has dismissed those claims, or most of them, and has given the plaintiff leave to amend her complaint to state viable causes of action. This discussion assumes that the reader is familiar with the court's earlier orders. For present purposes, the court highlights only the following points.

After AHS fired her, the plaintiff filed an administrative grievance with DLSE claiming (as she does in this suit) that she was fired in retaliation for participating in legally protected activity. The DLSE defendants investigated her claim and decided that there was insufficient evidence that AHS had fired her in retaliation for protected conduct. The DLSE's letter to the plaintiff reporting its conclusion gives an adequate sense of the department's investigation, its assessment of the plaintiff's and AHS's respective positions, and the DLSE's conclusion.[6]

The plaintiff now claims that the DLSE defendants denied her due process under the federal Constitution; she also claims that their decision embodied various state-law torts against her. At bottom, her grievance plainly reduces to disagreeing with the DLSE's decision. She alleges, for example, that the DLSE defendants "did not want to take into their consideration all the[] facts."[7]

---

[2] Am. Compl. – ECF No. 40 at 2, 28.

[3] Reply Br. – ECF No. 75 at 1–2 n. 1 (citing ECF No. 63 at 2 n. 1). The defendants have not waived service of other papers. *Id.*

[4] ECF Nos. 10, 71.

[5] ECF Nos. 36, 58.

[6] *See* Am. Compl. (Ex. 17) – ECF No. 40-17.

[7] Am. Compl. – ECF No. 40 at 13.

But even the material that the plaintiff attaches to her complaint[8] shows the opposite. The DLSE defendants did evaluate the pertinent facts. They merely reached a conclusion that the plaintiff disagrees with. The DLSE defendants correctly write that the "only acts" they are charged with are the "investigation and determination of her claims within the scope of their employment and pursuant to statutory authority."[9]

The court previously dismissed the plaintiff's claims against the DLSE itself.[10] "Disagreeing with an agency's conclusion," the court reasoned, "does not state a claim."[11] The court also held that the DLSE was immune from suit under the Eleventh Amendment to the U.S. Constitution.[12] In an effort to evade that immunity, the plaintiff now sues the individual DLSE employee defendants "in their personal capacit[ies]."[13] For the reasons given below, none of her claims against them are legally viable.

## GOVERNING LAW

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A claim will normally survive a motion to dismiss if it offers a "short and plain statement . . . showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). This statement "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere

---

[8] See especially ECF No. 40-17.
[9] ECF No. 36 at 4.
[10] *Id.* at 3–4.
[11] *Id.* at 4.
[12] *Id.*
[13] Am. Compl. – ECF No. 40 at 2, 28.

ORDER – No. 16-cv-07414-LB          3

possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Finally, while the court construes *pro se* pleadings more "leniently," the court cannot salvage claims that are fatally deficient. *See De la Vega v. Bureau of Diplomatic Sec.*, 2007 WL 2900496, at *1 (N.D. Cal. Oct. 1, 2007) ("Although the judicial policy of treating pro se litigants leniently suggests allowing leave to amend, even the substitution of the United States as a defendant, would not cure the jurisdictional defects.").

## ANALYSIS

### 1. Due Process

The plaintiff claims that the DLSE defendants deprived her of due process under the Fourteenth Amendment to the U.S. Constitution.[14] She claims that the defendants "deprived [her] of liberty and property."[15] There is absolutely no suggestion in the record that the plaintiff was ever in threat of losing her liberty in connection with being fired by AHS. Her due-process claim for property deprivation, for its own reasons, also fails as a matter of law.

A procedural due-process claim "hinges on proof of two elements: (1) a protect[ed] liberty or property interest . . . and (2) a denial of adequate procedural protections." *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 716 (9th Cir. 2011) (quoting *Foss v. Nat'l Marine Fisheries Serv.,* 161 F.3d 584, 588 (9th Cir. 1998) (citing in turn *Bd. of Regents v. Roth,* 408 U.S. 564, 569–71 (1972)).

Under her own allegations, the plaintiff's due-process claim fails on both heads. Several related observations will show how. The plaintiff does not dispute that the DLSE carried out its statutory duty to investigate her grievance. She merely disagrees with the conclusion. But it does not impugn the soundness of the DLSE's procedure — including what these individual defendants actually did — that they reached a conclusion that the plaintiff dislikes. As fundamentally, the

---

[14] *Id.* at 26–27.

[15] *Id.* at 27.

plaintiff has no property interest in any particular conclusion. In the Supreme Court's definitive term, she can have "no legitimate claim of entitlement" to the agency coming down one way instead of another. *Cf. Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). (If the rule were different, every regulatory decision would immediately spawn a viable due-process claim.) So the DLSE's contrary conclusion cannot have wrongfully deprived her of a cognizable interest in the due-process sense. Finally, it is undisputed that the DLSE's regulatory decision did not impede the plaintiff's ability to sue her former employer. She was able to sue them before filing her DLSE administrative grievance; and the DLSE's conclusion (that there was no wrongful retaliation) did not preclude or procedurally hamper her lawsuit against AHS.[16] In short, the DLSE's decision impacted no property right.

The plaintiff has no viable due-process claim against these DLSE employees. Furthermore, the nature of her claim — which ultimately disputes the correctness of their conclusion — cannot be saved by amendment. The court therefore dismisses the due-process claims with prejudice.

**2. State-Law Claims — Absolute Immunity and Privilege**

The plaintiff's California-law claims against the DLSE defendants fail to state a claim on which relief can be granted. These defendants are absolutely immune from civil liability for their discretionary conduct in investigating and reaching a decision on the plaintiff's administrative grievance. Cal. Gov't Code § 820.2. Furthermore, the statements that these defendants made in connection with their work carry an absolute privilege. Cal. Civ. Code § 47. They cannot undergird tort claims, such as libel, defamation, or fraud. The court must therefore dismiss the plaintiff's state-law claims against the DLSE defendants with prejudice.

---

[16] *See* Am. Compl. (Ex. 17) – ECF No. 40-17; *see generally Kamar v. RadioShack Corp.,* 2008 WL 2229166, at *6 (C.D. Cal. May 15, 2008) (describing dual judicial and administrative avenues of relief for unpaid-wage claims).

**2.1 Absolute Discretionary-Act Immunity — Cal. Gov't Code § 820.2**

The DLSE defendants are absolutely immune from the plaintiff's state-law claims. Section 820.2 of the California Government Code provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Cal. Gov't Code § 820.2 "Under [§ 820.2], *absolute immunity* is created for injury resulting from a public employee's exercise of discretion 'whether or not such discretion be abused.'" *Kim v. Walker*, 208 Cal. App. 3d 375, 382 (1989) (quoting § 820.2) (emphasis added).[17]

The challenged acts here — the DLSE defendants' investigation and decision — were discretionary acts that fall within the protection of § 820.2. On this point the plaintiff's own allegations leave no doubt: The challenged conduct consisted of an "actual act of discretion" — namely, an evaluative, "considered decision" of whether the plaintiff had been fired wrongfully. *See Caldwell v. Montoya*, 10 Cal. 4th 972, 983 (1995) ("actual act") (citing *Johnson v. State of California*, 69 Cal.2d 782, 794 n. 8 (1968) ("considered decision")). Immunity is not lost merely because a complainant alleges that a regulatory decision was not "correct." *See Caldwell*, 10 Cal. 4th at 983–84 (citing *Hardy v. Vial*, 48 Cal.2d 577, 582–83 (1957)).

Section 820.2 absolutely immunizes the DLSE defendants against the plaintiff's state-law claims. The statute compels this court to dismiss those claims with prejudice.

**2.2 Absolute Privilege — Cal. Civ. Code § 47**

For a subset of the plaintiff's claims, another California statute leads to the same result. Section 47 of the California Civil Code draws an "absolute privilege" over statements that the DLSE defendants made in investigating, resolving, and reporting their decision on the plaintiff's administrative grievance. *See, e.g., Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382, 1388–94 (1998). Section 47 provides that, "A privileged publication or broadcast is one made: (a) In the

---

[17] *Kim* was disapproved on other grounds by *State of California v. Super. Ct. of Kings Cnty.*, 32 Cal. 4th 1234, 1241 n. 8 (2004).

ORDER – No. 16-cv-07414-LB                6

proper discharge of an official duty [or] . . . (b) In any . . . official proceeding authorized by law." Cal. Civ. Code § 47. This statute bars claims based upon (among other things) statements made by official regulatory bodies in the course of their duly authorized work. *See, e.g., Braun*, 67 Cal. App. 4th at 1388–94 (affirming no-claim dismissal) (state "investigative audit" was "official proceeding" under § 47; "all statements made in furtherance of" the audit and its "report" were "protected by the absolute privilege" of § 47).

The plaintiff repeatedly takes issue with statements that specific DLSE defendants made in carrying out their investigation; which is to say, statements that they made in describing the plaintiff's grievance or in reporting the DLSE's analysis and decision to her.[18] Section 47 gives the DLSE defendants an "absolute privilege" to make such statements. They cannot form the basis of an actionable claim. To the extent that the plaintiff rests her claims on statements that the DLSE defendants made in carrying out their administrative work, the court dismisses those claims with prejudice.[19]

* * *

## CONCLUSION

The court grants the DLSE defendants' motion. The plaintiff's claims against these defendants are dismissed with prejudice. This order leaves the plaintiff without a viable claim in this court. The court will therefore enter a separate judgment that terminates this case.

This disposes of ECF No. 63.

**IT IS SO ORDERED.**

Dated: July 7, 2017

LAUREL BEELER
United States Magistrate Judge

---

[18] *See, e.g.,* Am. Compl. – ECF No. 40 at 11 ("pure lie and defamation"; "libel").

[19] The court expresses no opinion on the DLSE defendants' other due-process or state-law arguments.

ORDER – No. 16-cv-07414-LB         7