UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM, et al.,<br><br>Defendants. | Case No. 16-cv-07414-LB<br><br>**ORDER REVOKING APPELLATE** *IN FORMA PAUPERIS* **STATUS** |

### INTRODUCTION

On July 7, 2017, the court dismissed with prejudice the plaintiffs' last remaining claims in this case.[1] It entered a Rule 58 judgment that same day and closed the case.[2] The plaintiff has appealed from that judgment and from the court's underlying dispositive orders. The Court of Appeals has directed this court to decide whether the plaintiff may continue to proceed *in forma pauperis* for her appeal. This court has reviewed the plaintiff's claims, her amendments and arguments that sought to frame a minimally viable claim that this court could entertain, and its own orders.[3] The court concludes that the plaintiff's appeal is without merit. The court does not doubt the plaintiff's

---

[1] ECF No. 76. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] ECF No. 77.

[3] *See* ECF Nos. 36, 58, 76 (dismissal orders).

ORDER – No. 16-cv-07414-LB

subjective good faith. But her claims remain legally feckless. The court therefore revokes her *in forma pauperis* status for purposes of her appeal.

**GOVERNING LAW**

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This section is generally construed to mean that an appeal must not be frivolous. *See*, *e.g.*, *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that the term "'good faith' . . . must be judged by an objective standard" and is demonstrated when appellant seeks review "of any issue not frivolous"); *Ellis v. United States*, 356 U.S. 674, 674 (1958) (noting that "[i]n the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous"); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) ("If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole"). An issue is frivolous if it is "without merit," if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 616–17 (9th Cir. 1990) (quoting *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987) ("without merit"); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) ("no arguable basis")).

**DISCUSSION**

The court has carefully reviewed its earlier analyses to try and find something in the plaintiff's case that shows a glimmer of legal viability. It could find nothing. The court remains convinced that the plaintiff's claims, however sincere, fundamentally fail to state a claim. For the reasons given in the court's previous orders, moreover, no amendment or argument could save those claims. The court thus concludes that the plaintiff's appeal is legally "frivolous" and that her *in forma pauperis* status should be revoked for purposes of appeal.

The plaintiff began this case by suing her former employer (a public hospital) and the state labor agency that reviewed her retaliation grievance against the hospital — and found that

grievance wanting.[4] The court first dismissed the plaintiff's claims against both defendants in March 2017.[5] The plaintiff had not pleaded diversity jurisdiction, and the facts would not have supported it. Nor did the plaintiff state a federal claim. She raised only state claims and the court found these likely wanting. Additionally, the court held that the state labor agency was immune from suit under the Eleventh Amendment to the U.S. Constitution. The court dismissed the complaint and gave the plaintiff 30 days to file an amended complaint.

When she filed that new complaint, the plaintiff continued to sue her former employer (the hospital); she did not name the state agency; but she added a handful of the agency's employees as new, individual defendants whom she sued in their "personal capacit[ies]." The court analyzed the only possible federal claims against the hospital and concluded that the plaintiff stated no viable theory.[6] The plaintiff's new complaint "possibly" raised a Title VII discrimination claim, for example, but the plaintiff agreed that this discrimination was not the engine of her grievance. Furthermore, having been pointed to the governing legal rules, she conceded that she could not state a *prima facie* Title VII claim. The plaintiff summarily invoked other federal laws — the Fair Labor Standards Act (FLSA); the Labor-Management Relations Act (LMRA); the National Labor Relations Act (NLRA); and the Occupational Safety and Health Act (OSHA) — but the court found all these claims fundamentally deficient.[7] Her own allegations, for example, showed that she did not come within the FLSA's overtime rules. Moreover, as a public entity, the hospital was not subject to the LMRA and NLRA. Nothing in the complaint suggested any sort of dispute lying within the scope of OSHA. And the other federal statutes that the plaintiff fleetingly cited bore absolutely no relation to the factual situation that she alleged. Lacking a viable federal claim before it, and thus lacking subject-matter jurisdiction, the court again dismissed the plaintiff's suit against the hospital.

---

[4] *See generally* Compl. – ECF No. 1; Am. Compl. – ECF No. 40.

[5] ECF No. 36.

[6] ECF No. 58 at 2–8.

[7] *Id.*

Before amending her complaint, the plaintiff had moved from California to New Mexico. This gave her diversity jurisdiction against the newly added, individual defendants.[8] At the time of this second dismissal order, though, those defendants had not been served (though the court had authorized that service under 28 U.S.C. § 1915(e)(2)(B)).

The individual defendants were later served, or waived service, and moved to dismiss the claims against them. In its third and final dismissal order, the court held that the plaintiff had no viable claim against these defendants. Her core factual grievance against these people was to disagree with the regulatory conclusion that they had reached. (That her former employer had not wrongfully retaliated against her.) These defendants had not infracted a recognized liberty or property interest that would yield a viable due-process claim. They were absolutely immune under a California statute (Cal. Gov't Code § 820.2) for their discretionary acts in handling the plaintiff's administrative grievance. And another state statute (Cal. Civ. Code § 47) cloaked in absolute privilege statements that they made in the course of investigating and delivering their ruling on that grievance. As with most of her legal theories, therefore, these were fundamental deficiencies that no amendment could cure. The court consequently dismissed her remaining claims with prejudice.[9] On that same day, the court entered a Rule 58 judgment in the defendants' favor and closed this case.[10]

* * *

The court believes that that the plaintiff's claims are fundamentally flawed. In a way, again, that cannot be saved by amendment. For present purposes, this implies that the plaintiff's claims have "no arguable basis in fact or law." *See O'Loughlin*, 920 F.2d at 617. This court thus concludes that the plaintiff's *in forma pauperis* status should be revoked for purposes of pursuing an appeal.

---

[8] *Id.* at 9–10.

[9] ECF No. 76 at 2–7.

[10] ECF No. 77.

# CONCLUSION

The court thus revokes Ms. Drevaleva's *in forma pauperis* status for purposes of appeal. The Clerk shall notify Ms. Drevaleva and the Court of Appeals of this order. *See* Fed. R. App. P. 24(a)(4). Ms. Drevaleva may file a motion for leave to proceed *in forma pauperis* on appeal in the Court of Appeals within 30 days after service of this order. *See* Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

Dated: July 24, 2017

_____
LAUREL BEELER
United States Magistrate Judge